IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES SOCCER FEDERATION FOUNDATION, INC.**, <br><br>  Plaintiff/Counter-Defendant, <br><br> v. <br><br> **UNITED STATES SOCCER FEDERATION, INC.**, <br><br>  Defendant/Counter-Plaintiff. | Civil Action No. 1:18-cv-02856-TJK |

### DEFENDANT'S MOTION TO MODIFY SCHEDULING ORDER

Defendant/Counter-Plaintiff United States Soccer Federation ("U.S. Soccer") respectfully submits this Motion to Modify the Scheduling Order set by the Court on February 18, 2020, pursuant to Fed. R. Civ. P. 6(b), 16(b)(4) and LCvR 16.4(a). In support thereof, U.S. Soccer states as follows:

"[O]nce the court enters a scheduling order, that schedule can only be modified with the court's consent and with good cause shown." *A Love of Food I, LLC v. Maoz Vegetarian USA, Inc.*, 292 F.R.D. 142, 143 (D.D.C. 2013); *see also* LCvR 16.4 ("The court may modify the scheduling order at any time upon a showing of good cause."). The primary factor in evaluating whether good cause exists is "the diligence of the party seeking the amendment." *Dag Enterprises, Inc. v. Exxon Mobil Corp.*, 226 F.R.D. 95, 105 (D.D.C. 2005) (internal quotation and citation omitted); *see also United States v. Kellogg Brown & Root Servs., Inc.*, 285 F.R.D. 133, 136 (D.D.C. 2012) ("The primary factor in determining whether good cause exists is the diligence of the party seeking discovery before the deadline.").

On March 26, 2019, the Court issued an initial scheduling order. ECF No. 22. On October 17, 2019, on the parties' joint motion (ECF No. 37), the Court issued a revised scheduling order. ECF No. 38. On February 14, 2020, noting the existence of ongoing and extensive discovery disputes among other reasons, the parties again requested an extension of the case deadlines (ECF No. 42), and the Court issued a further revised scheduling order on February 18, 2020. ECF No. 43.

Here, good cause exists to modify the scheduling order by a modest five months as indicated in Appendix A[1] for three reasons. First, the dispute between the parties regarding certain documents that the Foundation asked U.S. Soccer to collect in discovery (e.g. the "Disputed Foundation Documents") has only grown since the parties last sought an extension two months ago. Other discovery disputes unrelated to the Disputed Foundation Documents also have multiplied exponentially since then. It would be difficult, if not impossible, to resolve all of these discovery disputes—with or without the Court's intervention—and then deal with their aftermath in the remaining period left for discovery. It would also promote judicial efficiency for the parties to have sufficient time to work through these issues prior to any depositions beginning so as to avoid the necessity of successive depositions of any witness after the discovery disputes are resolved. Second, the continuing COVID-19 crisis and its uncertain end or reprieve of shelter-at-home orders has significantly impacted the parties' ability to take depositions, prepare witnesses for deposition, and otherwise proceed in the normal course. Third, this extension will not affect any rights of the parties in the outcome of this litigation. The

---

[1] The parties' prior joint request for an extension mistakenly requested that expert discovery (including the taking of expert depositions) conclude on the same date as the parties' exchange of rebuttal expert reports. Given the impracticability of taking all expert depositions on the same day as the exchange of rebuttal expert reports, U.S. Soccer requests a longer extension of the expert discovery deadline and the Final Pretrial Scheduling Conference.

parties are not seeking exigent relief, and any equitable relief or monetary damages that the parties are seeking are not time-sensitive, and the Court has yet to set a trial date for this case. U.S. Soccer further details these reasons below:

First, the discovery issues that gave rise to the parties' previous joint request to modify the scheduling order have yet to be resolved, and, in fact, the number of current discovery disputes has grown exponentially. In particular, the parties continue to have a number of disputes related to the Foundation's contention that U.S. Soccer should not have collected the "Disputed Foundation Documents. This issue was first raised to the Court in November 2019, ECF No. 41, but persists in larger scope today.[2] In mid-March, the Foundation raised a small portion of the issues related to the Disputed Foundation Documents before the Court, and the parties submitted a joint summary of the pending dispute. ECF No. 46. There is currently no indication when the Court will resolve the issues outlined therein.

Moreover, several other issues related to the Disputed Foundation Documents remain between the parties as related to nearly 500 documents, and—given the current posture—the Foundation will presumably engage in motion practice regarding some of these disputed materials in the near future. This includes a new dispute between the parties that arises from the Foundation's refusal to produce any of the Disputed Foundation Documents, notwithstanding their admitted relevance, unless U.S. Soccer effectively agrees that U.S. Soccer improperly collected them in the first instance. Declaration of Molly A. Jones in Support of Motion to Modify Scheduling Order (Jones Decl.) at ¶¶ 2-3. As this is the very subject of the dispute pending before the Court, the Foundation essentially requires that the dispute be resolved before the parties can conduct further discovery, including depositions, or, in the alternative, asks U.S.

---

[2] During a previous hearing on these issues, the Court acknowledged that the case schedule may need to be modified to accommodate a resolution of the dispute. ECF No. 41 at 28:1-7.

3

Soccer to proceed with discovery despite the Foundation's withholding of relevant and responsive information. The Foundation's attempt to force U.S. Soccer to defend depositions of its witnesses, including at least three individuals who were also members of the Foundation's Board of Directors at times, prejudices U.S. Soccer's ability to prepare those witnesses for deposition and risks the Foundation manufacturing yet another complaint related to the Disputed Foundation Documents and their use in this case.

The parties also continue to meet and confer over numerous other discovery disputes concerning responses to interrogatories, requests for admission, and requests for production, privilege logs, and the sufficiency of the parties' respective document productions. *Id.* at ¶ 4.

Second, in addition to these outstanding discovery disputes, the COVID-19 pandemic, and resulting shelter-in-place orders, has significantly impacted U.S. Soccer's ability to make witnesses available for depositions. U.S. Soccer has worked diligently in an effort to coordinate deposition dates that work with varying schedules for the identified witnesses and counsel for U.S. Soccer, but given the ever-changing situation with COVID-19, has been unable to secure any dates for deposition, especially not in the tight timelines requested by the Foundation. Additionally, while U.S. Soccer has a strong preference for in-person depositions, the more pressing concern is the health issues of two of the U.S. Soccer deponents. One of the deponents is currently very ill, and the other is immunocompromised. *Id.* at ¶ 5. U.S. Soccer requests that discovery be extended in part to postpone the unnecessary additional burden on these deponents of preparing for[3] and attending a lengthy deposition (whether in or away from their home) as

---

[3] As a practical matter, several of the individuals that have been noticed for deposition may also be designated as U.S. Soccer's representatives for any deposition taken pursuant to Federal Rule of Civil Procedure 30(b)(6). Thus, the preparation required for these witnesses will necessarily be lengthy and extensive, particularly as the Foundation's claims span a time period of nearly thirty years.

well as handling the complicated logistical and technological planning required to be able to take and defend these depositions remotely. The stress that is inherent in this process at this time is an avoidable risk to these deponents that would be at least partially abated by waiting until the COVID-19 situation has run its course and things begin to return to normal. Given that at least certain states have started the process of reopening, things may begin to return to normal sooner than originally thought. However, there is too much uncertainty to say when that may happen, or whether such actions by states are consistent with the best advice of public health officials, and thus, an extension is necessary.

Third, the parties will not be prejudiced by an extension because the relief they seek in this case does not require imminent action by the Court and will not be altered by a short passage of time. The Foundation seeks from the court (1) a declaratory judgment as to ownership and non-infringement of the disputed trademarks in this case, (2) an injunction against U.S. Soccer using those marks, (3) a change at the USPTO in the ownership status of the marks, and (4) various unspecified damages and monies for alleged, past unfair or deceptive trade practices and unjust enrichment by U.S. Soccer. ECF No. 1 at 17-18. U.S. Soccer's Counterclaim likewise seeks from the Court (1) a declaratory judgment that U.S. Soccer owns the marks, (2) an injunction against the Foundation using those marks, and (3) various forms of damages and monies related to the Foundation's infringement of those trademarks. ECF No. 16 at 34-35. None of these forms of relief will be altered by a short extension of schedule in this case.

While U.S. Soccer has endeavored in good faith to complete discovery by the current fact discovery deadline, it is apparent that these current circumstances will prevent the completion of discovery within the next nine weeks. As the parties previously briefed in its previous joint request to modify the scheduling order (ECF No. 42), and as still remains the case today,

discovery in this case involves the exchange of extensive historical information that dates back several decades and the resolution of several ongoing discovery disputes.  While the parties have continued to meet and confer on a number of issues, including most prominently the collection, review, and production of the Disputed Foundation Documents, these issues have yet to be resolved and has resulted in unavoidable delays in the discovery process.

As with the parties' previous joint request to modify the scheduling order, extending the current case schedule is also appropriate since the trial has not yet been scheduled, and the Foundation will therefore not be prejudiced by the modification.  *See Watt v. All Clear Bus. Sols., LLC*, 840 F. Supp. 2d 324, 326 (D.D.C. 2012).  Given the discovery yet to be taken and the complexity of the current COVID-19 situation, which is likely to impact the Court's immediate and long-term schedules, and the fact that no trial date has been set, the requested extension of five months in this case will likely have no impact on the speed with which the Foundation can take this case to trial, should one be required.

Pursuant to LCvR 7(m), U.S. Soccer has attempted to work with the Foundation to reach an agreement on a modified case schedule that would be fair to both sides and realistically take into account the extensive discovery-related disagreements and impact of the COVID-19 pandemic on the parties' ability to prepare for and attend depositions.  Jones Decl. at ¶ 6.  However, U.S. Soccer was not able to obtain the Foundation's consent to this further extension of the current case schedule.  *Id.*

For the foregoing reasons, U.S. Soccer respectfully requests a five-month extension of the current case schedule as outlined in Appendix A.  A proposed order is attached that sets forth the requested modified schedule for completion of fact and expert discovery.

Dated: April 23, 2020

Respectfully submitted,

*/s/ Kent B. Goss*
_____
David J. Ervin (D.C. Bar No. 445013)
CROWELL & MORING LLP
1001 Pennsylvania Avenue, NW
Washington, DC 20004
Telephone: (202) 624-2622
Fax: (202) 628-5116
DErvin@crowell.com

Kent B. Goss (admitted *pro hac vice*)
CROWELL & MORING LLP
515 South Flower St., 40th Floor
Los Angeles, CA 90071
Telephone: (213) 443-5504
Fax: (213) 622-2690
KGoss@crowell.com

Molly A. Jones (admitted *pro hac vice*)
CROWELL & MORING LLP
3 Embarcadero Center, 26th Floor
San Francisco, CA 94111
Telephone: (415) 986-2800
Fax: (415) 986-2827
MoJones@crowell.com

*Counsel for Defendant/Counter-Plaintiff*
*United States Soccer Federation, Inc.*

## APPENDIX A: REVISED SCHEDULING ORDER

| | **Current Date** | **Proposed Amended Date** |
|---|---|---|
| Completion of Fact Discovery (except for any fact discovery subject to a pending motion to compel or/for protective order) | June 24, 2020 | November 24, 2020 |
| Exchange of Opening Expert Reports and production of all materials relied upon by Experts | July 15, 2020 | December 15, 2020 |
| Exchange of Rebuttal Expert Reports and production of all materials relied upon in Rebuttal Expert Reports and not produced previously by the parties | August 5, 2020 | January 5, 2021 |
| Completion of Expert Discovery, including expert depositions | August 5, 2020 | January 26, 2021* |
| Final Pretrial Scheduling Conference | August 11, 2020 at 10:00 a.m. | February 3, 2021 (or as set by the Court)* |
| Trial Date | To be set by the Court | To be set by the Court |

* Extended more than five months to accommodate expert depositions following the parties' exchange of rebuttal expert reports.