IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES SOCCER FEDERATION FOUNDATION, INC.**, <br><br> Plaintiff/Counter-Defendant, <br><br> v. <br><br> **UNITED STATES SOCCER FEDERATION, INC.**, <br><br> Defendant/Counter-Plaintiff. | Civil Action No. 1:18-cv-02856-TJK |

**PLAINTIFF UNITED STATES SOCCER FOUNDATION'S OPPOSITION
TO MOTION FOR FIVE-MONTH EXTENSION OF SCHEDULING ORDER**

Plaintiff United States Soccer Federation Foundation, Inc. (the "Foundation") submits this memorandum of law in opposition to Defendant United States Soccer Federation, Inc.'s (the "USSF") Motion to Modify Scheduling Order [Dkt. 48] ("Motion" or "Mot."), including a five-month extension of the fact discovery deadline from June 24, 2020 to November 24, 2020.

**PRELIMINARY STATEMENT**

The Foundation is sensitive to the challenges and disruption caused by the COVID-19 crisis and would not do anything to jeopardize or endanger the health or well-being of the parties, the witnesses, counsel, or any other individuals connected to this litigation. To the contrary, since the onset of the COVID-19 crisis, the Foundation has proposed a number of common-sense solutions to the USSF to ensure the health and safety of individuals connected to this case, while at the same time allowing this litigation to continue. The Foundation has made clear it is willing to work with the USSF to avoid unnecessary motion practice, including by proposing an extension of fact discovery to August 24, 2020—giving the parties a full *four months* to complete discovery (on top of the 13 months of discovery the parties have already had). But the extension to *November* proposed by the USSF is excessive and unnecessary, particularly given that this case is already 17 months old and the USSF has already gotten two extensions of the fact discovery deadline.

Fortunately, much of discovery in this case is already complete or should be complete by the current deadline of June 24, 2020—still two months away—and the parties have ample time to raise any remaining disputes, notwithstanding the USSF's utter lack of diligence in conducting discovery to date. The primary form of discovery that has yet to commence is the scheduling and taking of depositions. This delay rests squarely on the USSF's shoulders: the Foundation served five notices of depositions on the USSF *seven* months ago, on October 30, 2019. But despite the Foundation's repeated pleas, the USSF has yet to provide *any* deposition dates for *any* of these witnesses. And while the USSF represented seven weeks ago that two (unidentified) deponents

1

are ill or immunocompromised, it has not offered any excuse for not providing dates for the other three deponents, nor any suggestions for accommodating the two deponents with health issues.

The COVID-19 crisis has required all kinds of adjustments and flexibilities that attorneys and parties may find inconvenient. But the USSF and its outside counsel are sophisticated and creative participants—they certainly do not need the Court to order an extension of discovery until *Thanksgiving* merely because the USSF is "skeptical" of conducting depositions remotely and has a "preference" for in-person depositions. Indeed, conducting depositions by remote means is an approach now embraced by federal district courts across the country.

Given that this case is already 17 months old, and that the Foundation remains agreeable to a two-month extension of fact discovery until August 24, 2020—which should be plenty of time to prepare for and take any depositions remotely—the USSF's motion for what amounts to dragging out discovery for seven more months should be denied.

## CURRENT STATUS OF DISCOVERY

Significant discovery has already been completed in this action since the Complaint was filed on December 6, 2018 [Dkt. 1]. This includes:

- *Document Requests*: The Foundation served 89 document requests on March 13, 2019. The USSF served 74 document requests on June 21, 2019. The Foundation also served a third-party subpoena on the USSF's trademark monitoring service.

- *Interrogatories*: The Foundation served 10 interrogatories on June 12, 2019, and 5 additional interrogatories on April 27, 2020. The USSF served 17 interrogatories on July 12, 2019.

- *Requests for Admissions*: The Foundation served 8 requests for admissions on February 28, 2020. The USSF has not served any requests for admissions.

- *Privilege Logs*: The Foundation served its privilege and redaction logs on January 22, 2020. The USSF served its first privilege and redaction logs on January 22, 2020, and after the Foundation alerted the USSF to various deficiencies in the logs, the USSF served revised logs on March 4, April 1 and April 23.

2

- *Depositions*: The Foundation served deposition notices on October 30, 2019 for five USSF witnesses. The Foundation has asked the USSF for proposed deposition dates for these witnesses at least *eight* times, but has not received a date for *any* of them. The Foundation also served a 30(b)(6) notice on February 27, 2020.[1] The USSF has not noticed any depositions other than a 30(b)(6) notice, served on February 21, 2020.

Fact discovery, which has already been extended twice, is now scheduled to close on June 24, 2020, nearly 8 months beyond the original deadline of October 31, 2019. *See* [Dkts. 22, 38 & 43].

## ARGUMENT

### I. THE USSF FAILED TO COMPLY WITH LOCAL RULE 7(m)

At the outset, the USSF failed to comply with Local Rule 7(m), which requires parties to confer before the filing of a non-dispositive motion "in a good-faith effort to determine whether there is any opposition to the relief sought and, if there is, to narrow the areas of disagreement."

On April 8, 2020, the USSF emailed the Foundation to suggest a "three to six month extension to the current close of discovery," and that the parties not even discuss the calendaring of any depositions until a follow-up meeting around July 8. The Foundation responded on the same date, noting that such a lengthy extension was unwarranted. A week later, the USSF informed the Foundation that "we plan to move forward with or without the Foundation in our request that the Court grant a modest *three-month* extension to the current case deadlines," but without committing to any deposition dates. In response, the Foundation proposed that to avoid unnecessary motion practice: (1) the parties extend fact discovery to August 24, 2020 and; (2) the USSF agree to provide dates for the already-noticed depositions to take place within the next seven

---

[1] Because the USSF had not proposed any deposition dates for any witnesses in response to the Foundation's repeated requests, the Foundation had no choice but to issue deposition subpoenas for their testimony in June (and had warned the USSF weeks in advance it would do so if no concrete dates were proposed). On April 23, 2020, the Foundation served those deposition subpoenas, and noticed the depositions of three additional USSF witnesses. The Foundation intends to file a motion for remote depositions in short order, unless the USSF changes its position and will stipulate to taking these depositions by remote means.

3

weeks by remote means. The Foundation also offered to have a telephone call to discuss its proposal. The USSF did not respond; instead it waited another week before disclosing for the first time that it was about to file a motion for a five-month extension, and "assume[d]" the Foundation would oppose. Just 15 minutes later, the USSF filed this Motion.[2]

While the USSF is correct that the Foundation opposes extending fact discovery to Thanksgiving, such tactics during the course of ongoing discussions violate the letter and spirit of Local Rule 7(m). This alone is sufficient to deny the relief requested.

## II. THE USSF FAILS TO DEMONSTRATE THE REQUISITE "GOOD CAUSE" TO MODIFY THE CASE SCHEDULE

COVID-19 has required litigants to be flexible and adjust their expectations—to this end, the Foundation has granted the USSF's requests for reasonable extensions. While the Foundation remains committed to agreeing to reasonable extensions, the USSF's motion for a five-month extension—particularly when the USSF has shown no diligence in conducting discovery to date—does not come close to establishing the requisite good cause, and would prejudice the Foundation.

"[O]nce the court enters a scheduling order, that schedule can only be modified with the court's consent and with good cause shown." *A Love of Food I, LLC v. Maoz Vegetarian USA, Inc.*, 292 F.R.D. 142, 143 (D.D.C. 2013); *see also* LCvR 16.4 ("The court may modify the scheduling order at any time upon a showing of good cause."). "In deciding whether good cause exists under Rules 16(b) and [LCvR] 16.4 to amend a scheduling order, the Court primarily considers the diligence of the party in seeking discovery before the deadline." *Lopez v. Timeco Inc.*, 291 F. Supp. 3d 1, 3 (D.D.C. 2017) (quotations omitted); *Dag Enters., Inc. v. Exxon Mobil Corp.*, 226 F.R.D. 95, 105 (D.D.C. 2005) (primary factor: "the diligence of the party seeking the

---

[2] To preserve the medical privacy of USSF witnesses with health issues, the Foundation has not disclosed their names herein, nor attached the above-referenced meet-and-confer correspondence. If the Court would like to review this correspondence, the Foundation will provide it upon request.

4

amendment") (quotations omitted). The USSF's Motion should be denied because: (1) it has not established its diligence; and (2) none of the grounds offered justifies the requested extension.

### A.   The USSF Has Not Been Diligent In Meeting Its Discovery Deadlines

In its Motion, the USSF makes no attempt to demonstrate its diligence in meeting existing discovery deadlines set in this case. Nor could it. Since this case was filed on December 6, 2018—nearly 17 months ago—the USSF has delayed every step of the way. For example, the USSF:

- Filed a motion to stay discovery the evening before a hearing, which was denied. *See* Mar. 26, 2019 Hearing Transcript [Dkt. 32] ("Hr'g Tr.") at 6:21-7:8 (denying motion).

- Filed a motion to disqualify the Foundation's counsel, which was denied. [Dkt. 36]

- Did not serve any document requests until June 21, 2019, and did not serve any interrogatories until July 12, 2019, seven months after the case was filed (and several months after the Foundation served its document requests).

- Still has not noticed *any* fact witness depositions.

- Previously sought two extensions of the discovery schedule, to which the Foundation consented. [Dkt. 22] (scheduling close of fact discovery on October 31, 2019); [Dkt. 38] (extending close of fact discovery to March 24, 2020); [Dkt. 43] (extending close of fact discovery to June 24, 2020).

The instant Motion for a third extension, if granted, would extend fact discovery until November 24, 2020—a full *thirteen months* after fact discovery was originally set to close. The original fact discovery period was to last seven months, which the Court characterized as "*leisurely*" and "*not the most rapid pace for the case*." Hr'g Tr. at 11:20-12:2.

While the USSF now raises various concerns about the Foundation's responses to the USSF's interrogatories and document requests (*see* Mot. at 4; Jones Decl. [Dkt. 48-1] ¶ 4), the USSF indisputably delayed in raising these supposed deficiencies. For example, the Foundation timely served its responses and objections to the USSF's interrogatories on August 19, 2019, but the USSF did not raise any concerns about them until February 3, 2020—more than five months later. Similarly, the Foundation substantially completed its document production on December 4,

5

2019, but the USSF did not raise concerns about its sufficiency until February 21, 2020. The USSF cannot use its own delay to argue it needs more time (let alone seven months) to resolve disputes.

Because the USSF has not been diligent in conducting discovery over the past 13 months, it cannot establish the requisite good cause.[3] Under these facts, an extension of the case schedule until Thanksgiving—especially in light of two already-granted extensions—should be denied.

### B. None Of The USSF's Excuses Justifies A Five-Month Extension

Rather than carry its burden of demonstrating diligence, the USSF's Motion advances three reasons for seeking a five-month extension: (1) a dispute concerning its collection of the Foundation's Board documents; (2) the COVID-19 pandemic; and (3) a purported lack of prejudice to the Foundation. *See* Mot. at 3-6. None of these reasons warrants the relief sought.

*1. The Pending Dispute Over the Foundation's Board Documents:* The USSF argues that the parties' ongoing dispute concerning the USSF's improper collection of the Foundation's Board documents necessitates a five-month extension. Mot. at 2-3; *see also* [Dkts. 45 & 46] (Foundation's motion for the USSF to delete Foundation Board materials); [Dkt. 49-1] (Foundation's emergency motion for temporary protective order). This dispute—which awaits the Court's resolution—provides no basis to extend fact discovery until the end of November.

To be clear, this particular dispute stems from *the USSF's* conduct. It first arose in August 2019 after the Foundation learned that the USSF had improperly collected the Foundation's Board materials in discovery. *See* [Dkt. 49-1] at 3-5 (detailing background of the USSF's improper

---

[3] *See, e.g.*, *Dag Enters., Inc.*, 226 F.R.D. at 108 (denying motion to modify case schedule due to "Plaintiffs' lack of diligence and failure to pursue available discovery within the agreed-upon allotted time"); *Olgyay v. Soc'y for Envtl. Graphic Design, Inc.*, 169 F.R.D. 219, 220 (D.D.C. 1996) ("Mere failure on the part of counsel to proceed promptly with the normal processes of discovery and trial preparation should not be considered good cause.") (quotations omitted); *Secord v. Cockburn*, 747 F. Supp. 779, 786 (D.D.C. 1990) ("where a party fails to pursue discovery in the face of a court-ordered cutoff, as here, that party may not be heard to plead prejudice resulting from his own inaction").

6

collection). After refusing to return the Foundation's Board materials, on November 22, 2019 the Court ordered the USSF to promptly "return[]" them. [Dkt. No. 41] (Nov. 22, 2019 Hearing Transcript) at 21:2-7. But it then took the USSF *two months*, until January 29, 2020, to complete that simple task. The USSF then further delayed in conferring with the Foundation (pursuant to the Court's order) over whether a subset of these documents belong to the Foundation: While the Foundation provided its views on February 12, 2020, the USSF did not detail its views until April 9, 2020. And in the interim, the USSF's continuing misconduct has multiplied the disputes—*e.g.*, by refusing to delete (or even agree not to look at) the documents the Court ordered "returned."[4] The USSF cannot point to its own misdeeds as good cause for further delaying this litigation.

In any event, this issue is already before the Court and awaiting resolution (including an emergency motion for a temporary protective order). Cases are not put on hold to await the outcome of every motion, or parties could opportunistically file motions to secure unwarranted delays. The parties may address the Court's rulings as necessary after they are issued, just as parties do every day in thousands of other cases. Nor does the USSF dispute that the Foundation's offered extension of two months, to August 24, 2020, would sufficiently protect its interests.[5]

***2. Depositions During COVID-19:*** The USSF also contends that the "COVID-19 crisis and its uncertain end or reprieve of shelter-at-home orders has significantly impacted the parties' ability to take depositions, prepare witnesses for deposition, and otherwise proceed in the normal

---

[4] While the USSF notes that the Court suggested at the November 22 hearing that the case schedule may need to be modified in light of this dispute (Mot. at 3 n.2), it ignores that the Court subsequently *did* extend the case schedule by three months. [Dkt. 43] (Feb. 18, 2020 Order).

[5] The USSF also suggests that depositions must be delayed until after the Foundation produces its Board documents that are the subject of the Foundation's motion for a protective order because it wishes to show those Board documents to its witnesses. (Mot. at 4). But the Foundation *agreed* to produce a set of Foundation Board documents if it the USSF agrees to not review or use the *unproduced* Foundation Board documents until the Court has resolve the pending motions. [Dkt. 49-1] at 9-11. The USSF will not agree to do so. It must abide by the consequences of its choice.

7

course." Mot. at 2. The Foundation of course is acutely aware of the challenges posed by the COVID-19 pandemic—there is a new normal. But it does not justify what would amount to a wholesale stay of discovery.

While COVID-19 certainly complicates the civil litigation discovery landscape, in the weeks after states have issued stay-at-home orders parties and litigants have adapted to conducting depositions through remote technologies. Courts are now routinely ordering that depositions be conducted remotely. *See, e.g.*, *Grano v. Sodexo Mgmt., Inc.*, 2020 WL 1975057, at *3 (S.D. Cal. Apr. 24, 2020) (denying protective order to stay depositions, ruling that in light of COVID-19, "[a]ttorneys and litigants all over the country are adapting to a new way of practicing law, including conducting depositions and deposition preparation remotely" and "[t]here are numerous resources and training opportunities available throughout the legal community to assist [defendant's] counsel in the operation and utilization of the new technology").[6] Some courts have standing orders permitting remote depositions. *See, e.g.*, Standing Order of Hon. Lewis J. Liman, *COVID-19 Emergency Individual Practices in Civil and Criminal Cases* (S.D.N.Y. Apr. 9, 2020) ("Pursuant to Fed. R. Civ. P. 30(b)(3) and (b)(4), all depositions may be taken via telephone, videoconference, or other remote means, and may be recorded by any reliable audio or audiovisual means."). While USSF's outside counsel—a global law firm with over 500 attorneys—claims it is "skeptical that the parties would even be able to technologically pull off remote depositions" (Jones Decl. ¶ 5), and has a "strong preference" for in-person depositions (Mot. at 4), the COVID-

---

[6] *See also, e.g.*, *Velicer v. Falconhead Capital LLC*, 2020 WL 1847773, at *2 (W.D. Wash. Apr. 13, 2020) (denying **joint** motion to stay discovery, noting the ability to conduct "depositions by telephone or other remote means. Although the court understands the parties' preference for taking depositions in person, given the present circumstances, the court urges the parties to consider available alternatives."); *Julian v. Metro. Life Ins. Co.*, 2020 WL 1699983, at *1 (S.D.N.Y. Apr. 7, 2020) (ordering remote deposition to be completed within 30 days).

19 pandemic requires that parties and attorneys adjust to less-than-preferred circumstances, given the uncertainty of when in-person depositions may resume. The Foundation has full confidence that a large law firm and its sophisticated client can work together to prepare and sit for a deposition, just as innumerable witnesses are doing in other lawsuits around the nation.

In addition, it cannot be overlooked that the Foundation first issued these five deposition notices in October 2019, more than *seven* months ago. The depositions were first noticed to be held December 16-20, 2019, and at the USSF's request, the Foundation agreed to reschedule them in early 2020. The Foundation has since implored the USSF to provide available deposition dates on no fewer than *eight* occasions: February 10 and 19; March 4, 6 and 18; and April 1, 8 and 17. The USSF, however, has yet to propose a *single* date of availability for *any* witness. Nor has the USSF provided any reason for its inability to offer dates (other than a generic claim that it is working "diligently"—a position belied by the facts).[7] Having delayed for so many months, it is the USSF's own fault that it must now face being deposed under non-traditional circumstances. *See, e.g.*, *Zhang v. Sabrina USA Inc.*, 2020 U.S. Dist. LEXIS 66738, at *3 n.3 (S.D.N.Y. Apr. 15, 2020) ("the [COVID-19] pandemic is simply not an excuse for failing to diligently pursue discovery in seven months prior"). It is inconceivable that the USSF should need more than a full year—from October 30, 2019 to November 24, 2020—to prepare for and participate in depositions in a two-party trademark dispute between non-profit entities, especially after having already benefited from eight months' worth of extensions.

Finally, the Foundation has great sympathy as to the two deponents who are ill or immunocompromised. (Mot. at 4). The Foundation has repeatedly informed the USSF that it will

---

[7] As noted above, the Foundation had no choice but to serve deposition subpoenas to ensure that they would be timely conducted, and noticed them for June 2, 4, 8, 16 and 18. This provides the USSF with six to eight weeks to prepare—more than sufficient time.

9

work with the USSF to allow these depositions to be taken with as little disruption and inconvenience as possible. But the USSF has not informed the Foundation who the witnesses are, or why an immunocompromised witness cannot be deposed remotely (in fact, it appears it would be preferable). As to the ill witness, whose status was first disclosed on March 11, the Foundation of course will accommodate him however necessary, although the length of this illness indicates a prompt *de bene esse* deposition may be warranted. The Foundation remains willing to address any case-by-case needs for particular witnesses, as parties generally do when witnesses are ill. And there is no reason why the Foundation cannot promptly depose the other three witnesses remotely.[8]

   ***3. Prejudice to the Foundation:*** Finally, the USSF argues that the Foundation "will not be prejudiced by an extension because the relief [it] seek[s] in this case does not require imminent action by the Court." Mot. at 5. The USSF is wrong, as the Foundation would be greatly prejudiced by a five-month extension of the case schedule, with all depositions put on hold.

   For example, as to the two deponents who are "very ill" or "immunocompromised," Mot. at 4, this suggests that, if anything, time is of the essence. These deponents possess unique, first-hand percipient knowledge of critical facts concerning topics that are central to the Foundation's claims and defenses. Without preserving their testimony, the Foundation stands to be irreparably prejudiced should the witnesses become unavailable during or after the lengthy delay proposed. That is why the Foundation has requested that these witnesses be made available for remote *de*

---

[8] That a USSF witness may also testify on one or more 30(b)(6) topics (Mot. at 4 n.3) is of no moment. The Foundation served its 30(b)(6) topics two full months ago on February 27, and there is no reason why the USSF requires an extra five months to prepare testimony on those topics.

*bene esse* depositions—a request often granted when a witness is ill,[9] but the USSF has ignored that request. If anything, this calls for immediacy, not delay, to preserve critical trial testimony.

Moreover, it is prejudicial to the Foundation to continue operating under a cloud of uncertainty as to its ownership of its own name and logo, which is why the Foundation brought a claim for declaratory judgment. [Dkt. 1] ¶ 51 (seeking "[t]o resolve the uncertainty raised by the USSF, and to afford the Foundation relief from the uncertainty and controversy that the USSF's assertions have precipitated"). The Foundation should not be forced to wait half a year longer.

### III.     A TWO-MONTH EXTENSION WITH REMOTE DEPOSITIONS WILL SUFFICE

While the Foundation prefers that the parties work to try to meet the current June 24, 2020 deadline the best they can, it remains willing to consent to a two-month extension of the case schedule, such that fact discovery would close on August 24, 2020. This would allow ample time to for the parties to schedule and complete depositions, including any remote depositions or *de bene esse* trial depositions, as may be ordered by the Court. Under such a schedule, the Foundation proposes that the parties also agree (or that the Court orders) that (1) the Foundation may take depositions by remote means consistent with the terms of Judge Liman's April 9, 2020 standing order, (2) on or near the dates that the witnesses have been noticed. To the extent the health of any individual witness renders him or her unable to be deposed and/or requires a *de bene esse* trial deposition, such circumstances may be addressed on a case-by-case basis as necessary.

---

[9] *See, e.g.*, *Johnson v. Washington Metro. Area Transit Auth.*, 1993 WL 37445, at *1 (D.D.C. Feb. 3, 1993) ("rationale for a *de bene esse* deposition [] is generally to preserve testimony in danger of being lost"); *Weiss v. First Unum Life Ins.*, 2010 WL 1027610, at *2 (D.N.J. Mar. 16, 2010) (similar); *In re NC Swine Farm Nuisance Litig.*, 2016 WL 3742135, at *5 (E.D.N.C. July 7, 2016) (permitting *de bene esse* deposition of witness due to deponent's health concerns).

## CONCLUSION

For these reasons, the Foundation respectfully requests that the Court deny the USSF's Motion to Modify Scheduling Order. The Foundation does not oppose an extension of fact discovery from June 24, 2020 to August 24, 2020 if the USSF consents to (or the Court orders that) (1) the Foundation may take depositions by remote means consistent with Judge Liman's April 9, 2020 standing order (2) on or near the dates that the depositions have been noticed.

Dated: April 28, 2020

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By: */s/ Robert L. Raskopf*
Robert L. Raskopf (admitted *pro hac vice*)
Todd Anten (admitted *pro hac vice*)
Julia M. Beskin (admitted *pro hac vice*)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Fax: (202) 849-7100
robertraskopf@quinnemanuel.com
toddanten@quinnemanuel.com
juliabeskin@quinnemanuel.com

Scott E. Lerner (#1024964)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
1300 I Street NW, 9th Floor
Washington, D.C. 20005
Telephone: (202) 538-8000
Fax: (202) 538-8100
scottlerner@quinnemanuel.com

*Attorneys for Plaintiff/Counter-Defendant United States Soccer Federation Foundation, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 28, 2020 I electronically filed the foregoing document using the Court's CM/ECF system, which sent notification of such filing to all counsel of record.

*/s/ Scott E. Lerner*
Scott E. Lerner